FILED IN OPEN COURT
DATE 1/16/25
BY OV
RYF DEPUTY CLERK
DIVISION, WD of VA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Case No. 7:24-CR-12 |
| v. | : |
| | : |
| JOSEPH RICHARD WALKER | : |

## PLEA AGREEMENT

I have agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. **CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS**

#### 1. **The Charges and Potential Punishment**

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I will enter a plea of guilty to Counts 2 and 3 of the Indictment.

Count Two charges me with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of 20 years, plus a term of supervised release of 3 years.

Count Three charges me with possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c). The maximum statutory penalty is a fine of $250,000 and/or imprisonment for a term of life, plus a term of supervised release of five years. There is a mandatory minimum sentence of imprisonment for a term of 10 years. I understand each sentence imposed for a violation of 18 U.S.C. § 924(c) must be served consecutively to every other sentence imposed.

*Defendant's Initials:* JRW

I understand restitution may be ordered, my assets may be subject to forfeiture, and fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $100 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. I further understand my supervised release may be revoked if I violate its terms and conditions. I understand a violation of supervised release increases the possible period of incarceration.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises not set forth in this agreement. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be, *other than the sentencing range of 300 to 420 months should the Court accept this Plea Agreement.*

If I comply with my obligations under the plea agreement, the United States will move, at sentencing, that I be dismissed as a defendant in any remaining count(s). I stipulate and agree the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, these charges were not frivolous, vexatious or in bad faith, and I am not a "prevailing party" with regard to these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## 2. Waiver of Constitutional Rights Upon a Plea of Guilty

I acknowledge I have had all of my rights explained to me and I expressly recognize I have the following constitutional rights and, by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to remain silent at trial;
e. The right to testify at trial;
f. The right to confront and cross-examine witnesses called by the government;
g. The right to present evidence and witnesses in my own behalf;
h. The right to compulsory process of the court;
i. The right to compel the attendance of witnesses at trial;
j. The right to be presumed innocent;
k. The right to a unanimous guilty verdict; and
l. The right to appeal a guilty verdict.

*Defendant's Initials:* JRW

## B. SENTENCING PROVISIONS

### 1. General Matters

**Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and I agree I shall be sentenced to a period of incarceration within the range of 300 months to 420 months.** The parties agree this is a reasonable sentence considering all of the facts and circumstances of this case. I understand the Court must sentence me within this range or reject the plea agreement. If, and only if, the Court rejects the plea agreement, I will be given an opportunity to withdraw my guilty plea. The United States and I agree all other sentencing matters, including, but not limited to, supervised release, fines, and restitution, are left to the Court's discretion. Because the parties have stipulated the agreed to sentence of imprisonment is reasonable regardless of the guidelines calculations, I waive any right I may have to any future reduction in sentence based on a change in the sentencing guidelines.

I understand I will have an opportunity to review a copy of my presentence report in advance of my sentencing hearing and may file objections, as appropriate. I will have an opportunity at my sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

I understand I will not be eligible for parole during any term of imprisonment imposed.

### 2. Sentencing Guidelines

I stipulate and agree that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

The parties agree the 2024 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense(s).

I understand that the United States and I will be free to argue what guidelines sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

I agree to accept responsibility for my conduct. If I comply with my obligations

*Defendant's Initials:* JRW

under this plea agreement and accept responsibility for my conduct, the United States will recommend the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b), for purposes of any guidelines calculation. However, I stipulate that if I fail to accept responsibility for my conduct or fail to comply with any provision of this plea agreement, I should not receive credit for acceptance of responsibility.

3. **Monetary Obligations**

   a. **Special Assessments, Fines and Restitution**

   I understand persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering my plea of guilty.

   I agree to pay restitution for the entire scope of my criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, I agree to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. I understand and agree a requirement I pay restitution for all of the above-stated matters will be imposed upon me as part of any final judgment in this matter.

   I further agree to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means I have at my disposal. I agree failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

   I fully understand restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. I further understand there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. I understand no one has made any promises to me that such a process will result in a decrease in my restitution obligations in this case.

   I understand and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever

*Defendant's Initials:* JRW

monetary penalties are imposed by the Court will be (i) due immediately and subject to immediate enforcement by the United States as provided for by 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant may be offset and applied to federal debts but will not affect the periodic payment schedule. I further understand if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

I agree to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

I expressly authorize the United States Attorney's Office to obtain a credit report on me in order to evaluate my ability to satisfy any financial obligation imposed by the Court.

I agree the following provisions, or words of similar effect, should be included as conditions of probation and/or supervised release: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

Regardless of whether or not the Court specifically directs participation or imposes a schedule of payments, I agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons.

I agree any payments made by me shall be applied fully to the non-joint and several

*Defendant's Initials:* JRW

portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

### b. Duty to Make Financial Disclosures

I understand in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation and in any necessary collection of those sums, I agree, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year my offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date I sign the financial statement, whichever is earlier, I agree not to convey anything of value to any person without the authorization of the United States Attorney's Office.

### c. Understanding of Collection Matters

I understand:

1. as part of the judgment in this case I will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. I must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include my name and court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on my real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if I retain counsel to represent me regarding the United States' efforts to collect any of my monetary obligations, I will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke,

*Defendant's Initials:* JRW

Virginia 24008-1709, in writing, of the fact of my legal representation; and
7. I, or my attorney if an attorney will represent me regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. **FORFEITURE**

I agree to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. I agree this Order of Forfeiture shall be entered by the Court and shall be final at the time I enter my plea. To the extent necessary, I waive notice of forfeiture as to any asset I have agreed to forfeit and waive oral pronouncement at sentencing.

The additional assets to be forfeited are as follows:

|     | Asset ID No. | Item Description |
| --- | --- | --- |
| (1) | 23-FBI-009365 | Sig Sauer 1911 .45 caliber pistol, serial number 54E051277; |
| (2) | 23-FBI-009367 | Springfield XDM .45 caliber Automatic Colt Pistol, serial number MG542840; |
| (3) | 23-FBI-009367 | Rock Island Armory VR80 12-gauge shotgun, serial number R471514; |
| (4) | 23-FBI-009367 | American Tactical Omni Hybrid, multi-caliber rifle, serial number NS334726; |
| (5) | 23-FBI-009370 | Sig Sauer P220 Equinox .45 caliber Automatic Colt Pistol, serial number 37B011279; |
| (6) | 23-FBI-009370 | Taurus 45-410 Judge .45 caliber Colt/.410 bore revolver, serial number FM549301 |

I agree to cooperate fully in the forfeiture of the property to be forfeited. If applicable, I agree to withdraw any existing claims and/or agree not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise

*Defendant's Initials:* JRW

effectuate forfeiture of the property. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

I further agree to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons.

I further agree that the forfeiture provisions of this plea agreement are intended to, and will, survive me, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if I had survived, and that determination shall be binding upon my heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires me to disgorge wrongfully obtained criminal proceeds, I agree that the forfeiture is primarily remedial in nature.

I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me. I freely and knowingly waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I further understand and agree this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

I understand and agree that any monetary sum(s) the United States has agreed to release will be less any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect.

I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

## D. ADDITIONAL MATTERS

### 1. Waiver of Right to Appeal

*Defendant's Initials:* JRW

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal. ***Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law.*** I understand the United States expressly reserves all of its rights to appeal. **I agree and understand if I file any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case such action shall constitute a failure to comply with a provision of this agreement.**

2. **Waiver of Right to Collaterally Attack**

I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

3. **Information Access Waiver**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

4. **Waiver of Witness Fee**

I agree to waive all rights, claims or interest in any witness fee I may be eligible to receive pursuant to 28 U.S.C. § 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

*Defendant's Initials:* JRW

## 5. Abandonment of Seized Items

By signing this plea agreement, I hereby abandon my interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. I further waive any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

## 6. Deportation

I understand if I am not a citizen of the United States, or if I am a naturalized citizen, pleading guilty may have consequences with respect to my immigration status including, but not limited to, deportation from the United States, denial of United States citizenship, denial of admission to the United States in the future, or denaturalization. I expressly recognize under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences including, but not limited to, automatic removal from the United States, and that no one, including my attorney or the Court, can predict with certainty the effect of a conviction on my immigration status. I am not relying on any promise or belief about the immigration consequences of pleading guilty. I want to plead guilty regardless of any potential immigration consequences.

## 7. Admissibility of Statements

I understand if I fail to plead guilty in accordance with this agreement or withdraw my plea(s) of guilty any statements I make (including this plea agreement, and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements I make or have made to law enforcement agents, in any setting (including during any proffer), may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

## 8. Additional Obligations

I agree not to commit any of the following acts:

*Defendant's Initials:* JRW

- attempt to withdraw my guilty plea;
- deny I committed any crime to which I have pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement; or
- fail to enter my plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court.

### E. REMEDIES AVAILABLE TO THE UNITED STATES

I hereby stipulate and agree that the United States Attorney's Office may, at its election, pursue any or all of the following remedies if I fail to comply with any provision of this agreement or if the Court rejects this plea agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any charges dismissed or as to which I pled guilty to a lesser included offense; (d) file new charges concerning the matters involved in the instant investigation; (e) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (f) take any other action provided for under this agreement or by statute, regulation or court rule. I hereby waive any double jeopardy, speedy trial, undue delay, or statute of limitations defense I may have as to any reinstated, newly-filed, or non-dismissed charges described in this paragraph. I agree the provisions of this section are contractual obligations between the United States and me that are severable from the plea agreement and survive any Court's rejection of the plea agreement.

In addition, I agree if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also hereby waive any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

*Defendant's Initials:* JRW

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their respective jurisdictions.

### 2. Effect of My Signature

I understand my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand the United States has not accepted my offer until it signs the agreement.

I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the agreement.

### 3. Effective Representation

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am fully satisfied with my attorney and my attorney's advice. At this time, I have no dissatisfaction or complaint with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation.

### 4. Misconduct

If I have any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, I agree to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than my sentencing hearing.

*Defendant's Initials:* JRW

## 5. Final Matters

I understand a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on my case.

I understand the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

I understand the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand this agreement does not apply to any crimes or charges not addressed in this agreement. I understand if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I understand my attorney will be free to argue any mitigating factors on my behalf; to the extent they are not inconsistent with the terms of this agreement. I understand I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing and any associated addenda filed with the Court set forth the entire understanding between the parties and constitute the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior

*Defendant's Initials:* JRW

understandings, promises, agreements, or conditions, if any, between the United States and me.

  I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 1-15-25

**JOSEPH RICHARD WALKER, Defendant**

  I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement and any associated addenda with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

  If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: 1-15-25

**CHRISTOPHER K. KOWALCZUK, Esq.**
**Counsel for Defendant**

Date: 1-15-25

**M. COLEMAN ADAMS**
**Assistant United States Attorney**
**Virginia Bar No. 76450**

*Defendant's Initials:* JRW